# Allegheny National Bank, Appt., *v.* R. B. Petty, Admr., etc., et al.

Substitution cannot be made as long as the debt of the party whose rights are claimed to be used for the purpose of protecting or securing junior claims of the applicant for substitution remains unsatisfied, though it be in part only; until he shall be wholly satisfied there can be no interference with his rights or his securities which might hinder him in the collection of the residue of his claim.

(Argued November 8, 1886. Decided January 3, 1887.)

October term, 1886, No. 183, W. D., before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.  Appeal from a decree of the Orphans' Court of Allegheny County sustaining a demurrer and dismissing a bill in equity for subrogation.  Affirmed.

The bill was filed by the Allegheny National Bank, a creditor of William B. Hays, Jr., against the administrator *d. b. n. c. t. a.* of William B. Hays, the heirs of William B. Hays and legatees under his will, and the owners of liens prior to complainant's, praying subrogation to the rights of special legatees to a lien on the lands of certain residuary devisees.

The bill alleged the death of William B. Hays; the making of his will by which William B. Hays, Jr., was appointed executor, and in which he gave specific devises to the extent of $45,000 (which were charged upon testator's land), and the balance of

NOTE.—Subrogation cannot be demanded so long as a portion of the debt remains unsatisfied.  Cooper v. Platt, 39 Pa. 528; Brough's Estate, 71 Pa. 460; Graff's Estate, 139 Pa. 69, 21 Atl. 233.  And a tender of payment is not sufficient.  Forest Oil Co.'s Appeal, 118 Pa. 138, 4 Am. St. Rep. 584, 12 Atl. 442.  But a payment into court will be, though a less sum is paid than is due, by reason of a mistake in calculation.  Sower's Appeal, 1 Monoghan (Pa.) 49, 15 Atl. 898.

See also the following editorial notes presenting the authorities on various phases of the doctrine of subrogation:  Doctrine of, in general, notes to Southall v. Farish, 1 L. R. A. 641; Boone v. Clark, 5 L. R. A. 288, and Spaulding v. Harvey, 13 L. R. A. 619; to rights of mortgagee, note to Wilton v. Mayberry, 6 L. R. A. 61; on payment of another's debt, note to Crumlish v. Central Improv. Co. 23 L. R. A. 124; right to, of partner who pays firm debt, note to Sands v. Durham, 54 L. R. A. 614; of purchaser on void execution sale, note to Riley v. Martinelli, 21 L. R. A. 33; of person paying tax, note to Bibbins v. Clark, 29 L. R. A. 282.

his property to his children, William B. Hays, Jr., Curtis H. Hays, Mrs. McCutcheon, Mrs. McCandless, and Mrs. Stewart, charging the share given to William B. Hays, Jr., with the testator's capital in the firm of William B. Hays & Son, subsequently appraised at $42,056.77.

The bill further alleged that Curtis H. Hays, residuary legatee, deeded his undivided one-fifth part to William B. Hays, Jr., subject to a mortgage of $7,000 given to the executors for money advanced, which William B. assumed; that William · B. gave back a mortgage for the balance of the purchase price, which mortgage is now held by appellant; that partition proceedings were instituted and the land divided into five equal parts, each valued at about $48,000; that these purparts were duly accepted by the respective devisees, William B. Hays, Jr., accepting, as grantee as aforesaid, the purpart of Curtis H. Hays; that William B. subsequently gave a mortgage to the appellant on the lands accepted by him, upon which judgment was entered for about $33,000, and the property sold at marshal's sale thereunder for about $68,000; that prior to the entry of said judgment William B. Hays, Jr., filed his third and partial account as executor, which came up for hearing on exceptions prior to the marshal's sale, and it was decreed by the court that accountant be debited (and credited as uncollected) with the appraised value of the interest of testator in the firm of William B. Hays & Son, $42,056.77, and unpaid interest, the principal and interest of the C. H. Hays mortgage to the executors, $7,000, the balance due by account filed, $13,541.41, and other items amounting in all to $69,322.15, which the court decreed as a balance for distribution; to which add amounts paid in distributions in first account, $18,061.17, and second account, $30,144.92, making a total of $117,528.24, as the amount of said estate for distribution, which was distributed as follows:

| | |
|---|---|
| To special legacies | $45,000.00 |
| Wm. B. Hays, Jr., two fifths of balance | 29,011.29 |
| Mrs. McCutcheon one fifth of balance (less paid $11,459.49) | 14,505.65 |
| Mrs. McCandless one fifth of balance (less paid $11,498.49) | 14,505.65 |
| 'Mrs. Stewart one fifth of balance (less paid $11,659.99) | 14,505.65 |
| | $117,528.24 |

That the balance actually due by Wm. B. Hays, Jr., as executor at the time of the marshal's sale was $48,479, of which, according to the decree of the orphans' court, $45,000 was due to special legacies and $3,479.21 to his codevisees.

That an auditor was appointed by the United States circuit court to distribute the proceeds of the marshal's sale, who reported:

1. That the purparts sold were different interests of equal value, one of which represented the share of Wm. B. Hays, Jr., and the other the share of Curtis H. Hays, in the real estate of Wm. B. Hays, deceased, and each represented one half the money in court for distribution.

2. That the share of Wm. B. Hays, Jr., was subject to the charge of Wm. B. Hays' interest in firm of Wm. B. Hays & Son, which exceeded the amount for distribution arising from sale of said share.

3. That the share of Curtis H. Hays was, in common with the other real estate of William B. Hays, devised by the residuary clause of his will subject to the implied charge and lien of the legacies of $45,000.

That the auditor therefore distributed one half the proceeds of sale, $33,511.55, to W. N. Riddle, administrator, *d. b. n.* of Wm. B. Hays, deceased, and the other half to W. A. Lewis, trustee of special legatees, which report was confirmed, distribution decreed, and money paid out accordingly.

That by the distribution of the auditor the share of Curtis H. Hays of the real estate of William B. Hays, deceased, which said Curtis had sold and conveyed to William B. Hays, Jr., was made to pay a sum largely in excess of the proportion which his share was liable to contribute to the payment of the specific legacy; that the original liability of said share was one fifth of $45,000; that his share after the sale of the share of William B. Hays, Jr., would be but one fourth of said legacies, after the application thereto of the sum of $33,511.55, realized from the sale of William B. Hays' share, or the one fourth of $11,488.45, the other three fourths of said sum being chargeable to the shares of Mrs. McCutcheon, Mrs. McCandless, and Mrs. Stewart, by reason of which application of the proceeds of sale, by the auditor, complainant is deprived of the payment of its mortgage which otherwise it would have been entitled to receive from the proceeds of the marshal's sale.

Complainant prayed subrogation to the rights of said specific legatees, to recover of Mrs. McCutcheon, Mrs. McCandless, and Mrs. Stewart the proportion which is due by each to the satisfaction of the specific legacies which were made a charge upon the land.

After hearing argument on demurrer to the bill, the bill was dismissed and plaintiff appealed, assigning such action of the court as error.

*James Bredin, Thos. M. Marshall, McCreery & Marcy,* and *C. C. Dickey,* for appellant.—The appropriation of the entire proceeds of the sale of the share of Curtis Hays to pay the liens of the special legatees deprived appellant of the benefit of its subsequent liens against said land and entitled it to subrogation to the rights of the holders of the liens against the lands of the residuary legatees for the payment of the specific legacies, in order to enforce contribution from the shares of the coresiduary devisees, which were bound jointly with the share of Curtis to pay the lien of the specific devisees. Gearhart v. Jordan, 11 Pa. 325; Stevens v. Cooper, 1 Johns. Ch. 430, 7 Am. Dec. 499; Bender v. George, 92 Pa. 39; Wallace's Appeal, 5 Pa. 105; Cottrell's Appeal, 23 Pa. 294.

The rule as to contribution, and subrogation to enforce it, is especially applicable to heirs and devisees of lands bound by joint lien. Wallace's Appeal, 5 Pa. 105; Story, Eq. Jur. § 477; Morris v. M'Connaughy, 2 Dall. 189, 1 L. ed. 343; Rhoads's Estate, 3 Rawle, 420; Eliason v. Eliason, 3 Del. Ch. 260; Winston v. McAlpine, 65 Ala. 377.

An allegation, in a bill seeking contribution, that plaintiff was entitled to subrogation, will not justify the court in dismissing the bill altogether. Contribution is the right; subrogation or substitution, the remedy to enforce it. Stirling v. Forrester, 3 Bligh, 575, 590; Enders v. Brune, 4 Rand. (Va.) 438; Burwell v. Fauber, 21 Gratt. 446.

Our position is that there is no personal liability for legacies charged on land; that the orphans' court has exclusive jurisdiction of the collection of such legacies; that the purparts accepted by the residuary devisees are sureties each for the other as to the common lien; that the purpart of Curtis having been applied to said common lien, the other purparts must contribute, as purparts, to the extent of the excess paid by Curtis'

purpart beyond its proportionate share; that this right of contribution is enforceable by the orphans' court, not against the devisees as individuals, but against the purparts of the real estate accepted by them respectively, and against the fund in the hands of the administrator, *d. b. n.,* being the proceeds of the sale of Wm. B. Hays, Jr.'s, share, which fund ought to be applied first to pay balance on legacies, and then to appellant's liens.

The legatees had a lien on the lands sold by the marshal at that sale, their lien was devested, and the purchase money substituted for the land; and as it was withdrawn from the control of the debtor and put within that of the lien creditors, they were bound to look to the application of it.

The debtor may in equity and conscience consider whatever has perished in the hands of the sheriff as actually paid to him who is entitled to receive it. Bank of Pennsylvania v. Winger, 1 Rawle, 302, 18 Am. Dec. 633.

Lien creditors are to look to the application of the fund on which they have a lien, at their peril,—everything which a due attention to their interest would have entitled them to receive being considered as paid by operation of law as regards the debtor. Finney v. Com. 1 Penr. & W. 240.

The lien of a legacy held devested by a sheriff's sale, and the purchase money being substituted for the fund, the legatee was remitted to that fund. Lombaert's Appeal, 39 Phila. Leg. Int. 374.

The lien of the legacies in this case held to be transferred to the fund. Allegheny Nat. Bank v. Hays, 39 Phila. Leg. Int. 375.

But if the legacies are not paid that is not a good reason for the dismissal of our bill. It is true that a surety himself, bound for the debt of the creditor, cannot ask to use the creditor's security without first discharging his own obligation.

In general a surety is not entitled to subrogation until he pays the debt in full. . . . And subrogation will never be enforced to the prejudice or injury of the creditor. Lead. Cas. Eq. 4th ed. p. 152.

*John Dalzell* and *George B. Gordon,* for appellees.—We submit that the court was right in sustaining this demurrer for the following reasons:

Because there are not two funds in the hands of a common debtor. The doctrine of two funds is applied only to cases in which two creditors have the same common debtor. Sheldon, Subrogation, § 69; Knouf's Appeal, 91 Pa. 82; Fessler v. Hickernell, 82 Pa. 153. See also Conser's Appeal, 11 W. N. C. 220; Lloyd v. Galbraith, 32 Pa. 103; Ebenhardt's Appeal, 8 Watts & S. 327; Dunn v. Olney, 14 Pa. 220.

Because the legatees have not been fully paid. "There can be no such thing as substitution to the right of the party who is not wholly satisfied. The court cannot interfere with his security, while a part of his debt remains unpaid." Kyner v. Kyner, 6 Watts, 227; Hoover v. Epler, 52 Pa. 522; Sheldon, Subrogation, § 70.

OPINION BY MR. JUSTICE TRUNKEY:

"Substitution cannot be made as long as the debt of the party whose rights are claimed to be used, for the purpose of protecting or securing junior claims of the applicant for substitution, remains unsatisfied, though it be in part only; for until he shall be wholly satisfied there ought and can be no interference with his rights or his securities" which might hinder him in the collection of the residue of his claim. Kyner v. Kyner, 6 Watts, 227; Hoover v. Epler, 52 Pa. 522.

This bill shows that the prior liens have not been fully paid. And the appellant claims subrogation against the real estate of some of the defendants, and against the fund in the hands of the administrator of the estate of William B. Hays, deceased; but no facts are set forth upon which it is claimed that subrogation or substitution should be decreed, before payment in full of senior liens. Nor was any request made to amend the bill.

Decree affirmed, without prejudice to the appellant in any further proceeding, and appellant to pay costs of appeal.